# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNEVER LIVINGSTON,** | : | **CIVIL NO. 1:15-CV-150** |
| **Petitioner** | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Presently before the court is an amended petition for writ of habeas corpus (Doc. 18) pursuant to 28 U.S.C. § 2241 by petitioner Dennever Livingston ("Livingston"), a federal inmate incarcerated at the Allenwood United States Penitentiary ("USP-Allenwood"), in White Deer, Pennsylvania. Livingston challenges his conviction from the Eastern District of Virginia and relies upon United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) and Miller v. United States, 735 F.3d 141 (4th Cir. 2013), in support of his claim that relief under § 2241 is appropriate. (Doc. 18). The petition is ripe for disposition and, for the reasons that follow, will be dismissed for lack of jurisdiction.

I. **Background**

The procedural background of this case has been aptly summarized by the Fourth Circuit Court of Appeals as follows:

> Dennever Livingston was convicted of conspiracy to possess with intent to distribute [] marijuana, possession with intent to distribute marijuana, conspiracy to launder money, six substantive counts of money laundering, and six counts of money laundering to promote drug trafficking. He was sentenced to 360 months on the drug conspiracy charge, and concurrent 240 month sentences on each of the other counts of conviction. In Livingston's first appeal, we held that the money laundering counts and the money laundering in furtherance of drug trafficking counts were based on the same evidence and were duplicitous. We therefore remanded in part to the district court to vacate the convictions, sentences, and assessments as to the six counts of money laundering in furtherance of drug trafficking. United States v. Stewart, 256 F.3d 231, 248 (4th Cir. 2001), cert. denied, 535 U.S. 977, 122 S.Ct. 1451, 152 L.Ed.2d 392 (2002).
>
> During the resentencing hearing, Livingston argued that all of the money laundering counts and the drug conspiracy count should also be dismissed because of spillover prejudice from the dismissed counts. The district court rejected this argument and imposed the same sentences as to the remaining counts. Livingston timely noted an appeal.

United States v. Livingston, 63 F. App'x 106, 107 (4th Cir. 2003). On appeal, the Fourth Circuit affirmed the remaining convictions and sentence. (Id.)

Livingston filed his first section 2255 motion to vacate on April 24, 2001. Livingston v. United States, No. 2:97-cr-39-41, Doc. 80 (E.D. Va. Jan. 13, 2015). The United States District Court for the Eastern District of Virginia dismissed the petition as moot. Id. at Doc. 82. On July 15, 2004, Livingston filed a second section 2255 motion. Id. at Doc. 117. On September 13, 2006, the Eastern District of

Virginia dismissed Livingston's second section 2255 motion as time-barred. Id. at Doc. 142.

Livingston initially filed the instant action pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Virginia challenging the validity of his conviction based upon the Fourth Circuit's ruling in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). By Order dated January 13, 2015, the Virginia District Court construed the motion as being filed under 28 U.S.C. § 2241 and transferred the matter to this court because, at the time, Livingston was incarcerated at USP-Allenwood, which is located within this judicial district. (Doc. 1). The Virginia District Court recognized a "possibility of relief under Section 2241 sufficient to justify transfer rather than outright dismissal for lack of jurisdiction." (Doc. 1 at 5, n. 2).

This court subsequently issued a service order, and granted Livingston leave to file an amended petition. (Doc. 8). Livingston filed the instant amended petition for writ of habeas corpus on February 11, 2016. (Doc. 18). On April 6, 2016, respondent filed a response. (Doc. 19).

## II.  Discussion

A federal prisoner may challenge his sentence or conviction by motion to the sentencing court pursuant to 28 U.S.C. § 2255. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)); see Application of Galante, 437 F.2d 1164, 1165 (3d

Cir. 1971) (stating that "[s]ection 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence in the first instance."). Indeed, a court is specifically prohibited from entertaining a federal prisoner's challenge to his conviction by an application for habeas corpus pursuant to 28 U.S.C. § 2241 "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see Okereke, 307 F.3d at 120 (finding that "[section] 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is 'inadequate or ineffective.'") (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). This safety-valve language in § 2255, *i.e.*, that the remedy by way of a § 2255 motion is inadequate or ineffective to test the legality of his detention, has been strictly construed. See Application of Galante, 437 F.2d 1164, 1165-66 (3d Cir. 1971) (concluding that unfavorable legal standards prevailing in circuit where sentencing court located does not render § 2255 remedy inadequate or ineffective); Millan-Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971) (finding doubts about the administration of a § 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (holding that even if the sentencing court incorrectly disposes of a proper motion under § 2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition). Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to

authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. Dorsainvil, 119 F.3d at 251-52.

In seeking to overcome the § 2241 barriers he faces, Livingston contends that, in light of Simmons, "he is in fact and law innocent of having a prior felony drug offense conviction necessary to support the information under 21 U.S.C. §[] 851." (Doc. 18 at 6). He argues that because Simmons requires the court "to look at how much prison time Livingston actually served rather than what could have been," his prior conviction in New York was not a felony drug offense, and his sentence was improperly enhanced pursuant to 21 U.S.C. § 851. (Id.) He further contends that Simmons was held to be retroactively applicable to cases on collateral review under the Fourth Circuit Court of Appeals' decision in Miller. (Id.)

In Simmons, the Fourth Circuit held that the defendant's prior North Carolina conviction for possession of marijuana did not qualify as a predicate felony drug conviction. Simmons, 649 F.3d 237. The Fourth Circuit determined that "a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence" under North

Carolina's sentencing regime.  Miller, 735 F.3d at 144 (citing Simmons, 649 F.3d at 244).  Thus, the Fourth Circuit held that in order for a prior felony conviction to qualify as a predicate offense, the individual defendant must have been convicted of an offense for which the defendant could be sentenced to a term exceeding one year.  Simmons, 649 F.3d 237.  In Miller, the Fourth Circuit determined that Simmons announced a new substantive rule which is retroactive to cases on collateral review.  Miller, 735 F.3d 141.

The court finds that Simmons is irrelevant to the issues in this case.  Livingston was convicted in the Eastern District of Virginia, whereas Simmons involved specific sentencing guidelines as set forth under North Carolina statutes.  Livingston's prior conviction involved a crime that was punishable by a term of imprisonment in excess of one year under New York law, rendering it a felony offense.  21 U.S.C. § 802(44) ("[t]he term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State").  Indeed, Livingston received a sentence of one to three years' imprisonment on the New York offense.  (Doc. 18, at 7).  The fact that Livingston may have served less than one year is of no consequence.  Livingston's conviction for the New York offense was properly used to enhance his sentence pursuant to 21 U.S.C. § 851.  Livingston does not allege an intervening change in law that establishes his actual innocence of the underlying conviction.  Therefore, Livingston's challenge to the validity of his sentence based upon Simmons and Miller does not meet the requirements of the § 2255(e) savings clause.  See United

6

States v. Brown, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("§ 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal"); Johnson v. Hollingsworth, 2015 WL 1010432 (D.N.J. March 6, 2015) (finding, *inter alia*, that petitioner could not challenge his sentence based upon Simmons *via* a § 2241 petition).

Furthermore, Fourth Circuit case law is not controlling precedent for this court and does not create a new constitutional rule, which is necessary to satisfy the savings clause. Dorsainvil, 119 F.3d at 248. Accordingly, the holdings of the Fourth Circuit in Simmons and Miller are not binding on this court. See Hemingway v. Zickefoose, 2015 WL 2384342 (M.D. Pa. May 19, 2015) (dismissing § 2241 habeas petition for lack of jurisdiction and finding that petitioner failed to present any authority to support a determination that any federal court has held that a Simmons claim may be pursued *via* § 2241).

### III.  Conclusion

Based on the foregoing, the amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.

An appropriate Order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      April 28, 2016